PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2008 Hyundai Sonata struck a construction cone on 1-79 somewhere between south Clarksburg and the US Route 19 Summersville exit. Interstate 79 is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
According to the claim form submitted by Claimant Joseph J. Martin, the incident giving rise to this claim occurred between 10:00 a.m. and 2:00 p.m. on September 17, 2009, somewhere in the 139 mile stretch between Morgantown, WV and Summersville, WV. At the hearing of this claim, Mr. Martin narrowed the location of this incident down to a 65 mile stretch between south Clarksburg, WV and the US Route 19 exit towards Summersville, WV. Mr. Martin testified that he notice emergency construction cones on the berm to the right of the road as he was driving along 1-79. According to Mr. Martin, one of the cones ended up in the right lane and was sucked under the track directly in front of the Claimant before being flipped out in front of the Claimant’s vehicle. Mr. Martin testified that he attempted to straddle the cone with his vehicle because he did not have time to avoid it altogether. When he reached his destination, Mr. Martin got out of the car and noticed a crack in the middle of his front fender. As a result of this incident, Claimant’s vehicle sustained damage to front fender in the amount of $716.89. Since Claimant’s insurance declaration sheet indicates that his collision deductible is $500.00, Claimant’s recovery is limited to that amount.
It is the Claimant’s position that Respondent knew or should have known about the emergency cone in the travel portion of 1-79 which created a hazardous condition to the traveling public and that Respondent was negligent in failing to properly maintain 1-79 prior to the incident.
The position of the Respondent is that Claimant did not plead his claim with particularity such as to allow Respondent a fair opportunity to prepare a defense in this claim, and that Respondent did not have actual or constructive notice of the condition on 1-79 at the time of the incident. Respondent was unable to present a witness in this claim since the location of the incident could not be determined.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective *242 action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent did not have notice of the emergency road cone in the travel portion of the road on 1-7 9 prior to the incident giving rise to this claim. Although this Court does not require Claimants to plead their claims with the level of particularity required by the Federal and Circuit courts of this state, it is nevertheless the Claimants’ duty to provide the location of the incident giving rise to the claim within a reasonable degree of certainty in order to provide Respondents a fair opportunity to defend against such actions in this Court. Since Claimant failed to provide a location for this incident or demonstrate that Respondent had notice of the cone in the road on 1-79, the Court must deny this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.